## KOELLSCH v CALVARY CEMETERY ASSOCIATION et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1072.  Decided Dec 21, 1931

Burkhardt & O'Brien, for plaintiff in error.

Murphy & Murphy, Dayton, for defendant in error.

ALLREAD, PJ.

The case is in this Court on petition in error and the question is whether the action of the court in these various respects is justified by the law.

The first question arises upon the ruling of the trial court as to the first motion.

Should the motion on behalf of the corporation and its officers have been sustained?  This action is one of construction of

the pleadings. If a liberal interpretation is justified then the motion of the corporation should have been overruled, but if the pleadings are to receive a strict construction then the action of the trial court should be sustained.

The identical question was before our Supreme Court in the case of **Electric Railway Company vs. Express Company, 105 Oh St, 331** where it is held:

"Where the jurisdiction of the person is dependable upon the language of a pleading, the pleading will be construed strictly and its scope will not be extended beyond its clear expression."

Under the doctrine of strict interpretation, the Court was correct in allowing the plea to the jurisdiction and dismissing the corporation and its officers from the action.

The next question relates to the first amended petition filed without leave in the same action. The motion to this petition was filed and the amended petition stricken from the files. A similar question was involved in the case of Electric Railway Company vs. Express Company, supra, and decided in the fourth syllabus which is as follows:

"The statutes of Ohio do not authorize the filing of an amendment to a petition, which substantially changes the claims of the petitioner and the rendering of judgment in pursuance thereof against the defendant without service of summons, waiver or entry of appearance is reversible error."

In this case the Express Company had left the State of Ohio shortly after the service of summons and at the time of the filing of the amendment to the petition was a non-resident of the State and absent from the State. It was held that no service could be had on the amendment to the petition and that there was no jurisdiction as to such amendment. This is somewhat similar to the present case. The original petition was against a non-incorporated association. The amended petition was filed without leave and was stricken from the file and the second amended petition was filed and service was had. Did the amended petitions date back to the commencement of the original action? We think they did not and that the filing of the amended petitions as a cause of action only dated from the service on that petition. **L. & M. Railroad Company vs. Greene, 113 Oh St, 547. Hills vs. Ludwig, et al, 46 Oh St, 374.**

These amended petitions are against a defendant not made a party to the original cause of action. The plaintiff must therefore rely upon service had upon the amended petitions.

Sec 11224-1 limits actions upon causes of action like those set forth in the amendment and second amended petition to a period of two years. The amendment took effect August 2, 1927. It was held in the case of **Smith vs. N. Y. C. Railroad Company, 122 Oh St, 45** that said amendment applied to the remedy and that a cause of action where the action was commenced after the period of limitation expired is barred.

The cause of action in the present case against the corporation was filed October 7, 1929 and upon the second amended petition which was filed on January 9, 1930. Summons was issued in each case at the date of filing the amended petition. It is clear that the cause of action was barred and the trial court was right in so holding. The judgment of the Court of Common Pleas should be sustained. Judgment affirmed.

HORNBECK and KUNKLE, JJ, concur.